# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LINWOOD TURNER, JR.,** | ) | |
| Petitioner, | ) | Case No. 7:18CV00104 |
| v. | ) | **OPINION** |
| **MICHAEL R. MCCARTHY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Linwood Turner, Jr., Pro Se Petitioner.*

The petitioner, Linwood Turner, Jr., proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking substitution of counsel for his upcoming state criminal trial. I conclude that the Petition must be summarily dismissed without prejudice.*

Turner does not indicate that he is presently incarcerated. He demands "a Fair & Proper Lawyer" because current counsel is "Unproperly Representing" him in some unspecified way. Pet. 3, ECF No. 1. Court records available online indicate that Turner is facing a trial in Lynchburg, Virginia, Circuit Court on April 25, 2018, on a felony charge of embezzlement, second or subsequent offense. In his petition, he states that after his request to the General District Court for new

---

* Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), "[i]f it plainly appears from the [face of a § 2241] petition" that the petitioner is not entitled to relief, the court must dismiss the petition.

counsel was denied, he was told to file a habeas petition. He does not indicate that he filed his claim in any other state court before submitting this § 2241 petition.

Title 28, Section 2241 of the United States Code provides, in relevant part, that a federal court cannot grant a writ of habeas corpus unless the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Turner does not demonstrate that he is currently "in custody" or that current counsel's representation has violated Turner's federal rights in any way. Furthermore, from Turner's petition, it is clear that he has not presented his habeas corpus claim about his attorney to the Supreme Court of Virginia, as required for exhaustion of state court remedies. *See Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (unpublished) (concluding that habeas relief under § 2241 is available to pretrial detainee only if petitioner has previously exhausted state court remedies and special circumstances justify federal collateral review before final state court judgment) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973). Turner is not entitled to the relief he seeks under § 2241, and I will dismiss his petition.

A separate Final Order will be entered herewith.

DATED: April 11, 2018

/s/ James P. Jones
United States District Judge